**Juan CRUZ, Appellant,**

v.

**Earl A. THOM, Appellee.**

**No. 14427.**

Court of Civil Appeals of Texas.

San Antonio.

Jan. 19, 1966.

Rehearing Overruled Feb. 16, 1966.

William H. Price, San Antonio, for appellant.

Beckmann, Stanard, Wood & Vance, Seagal Wheatley, San Antonio, for appellee.

CADENA, Justice.

Plaintiff, Juan Ramon Cruz, a minor, filed this suit by and through his father, Juan Cruz, to recover damages for loss of sight in his right eye, allegedly resulting from the negligence of defendant, Earl A. Thom. When plaintiff rested, the court instructed a verdict in favor of defendant, and plaintiff appeals.

Plaintiff presents two assignments of error. First, he complains of the action

of the trial court in instructing a verdict for defendant. His second point of error relates to the action of the trial court in sustaining defendant's exception to those portions of plaintiff's petition in which plaintiff sought to invoke the benefit of the doctrine of res ipsa loquitur.

■ In view of the instructed verdict against plaintiff, we must not only accept as true all evidence which tends to support plaintiff's contentions, but we must also indulge every inference which can reasonably be drawn from such evidence in favor of plaintiff's position, and discard all contradictory evidence and possible inferences which are favorable to defendant. White v. White, 141 Tex. 328, 172 S.W.2d 295 (1943); Mellette v. Hudstan Oil Corp., Tex.Civ.App., 243 S.W.2d 438, wr. ref. n. r. e.; 3 McDonald, Texas Civil Practice, § 11.28, p. 1032.

When we evaluate the evidence in accordance with the applicable rules, we must accept the following facts as established: At the time of the injury complained of, plaintiff's father was doing yard work for defendant. At that time, defendant was working in his garage with some sort of machine which caused particles and slivers of plywood to fly out of the garage door and into the yard. At the request of defendant, plaintiff was directed by his father to assist in the yard work. While plaintiff, who was then seven years of age, was working near the garage, a sliver or particle of wood was hurled from the machine being used by defendant and became embedded in plaintiff's right eye. The machine which defendant was using in his garage had no guard on it to prevent the emission of such slivers and particles of wood. There is no evidence that any person other than defendant was in the garage at the time.

■ From such evidence, reasonable minds could conclude that defendant knew, or could reasonably be expected to foresee, the danger inherent in the condition which he had actively created; that he knew, or could reasonably be expected to foresee, that the minor plaintiff, who was present in the yard at defendant's request, was in the area of danger; that, since all of the evidence is to the effect that the slivers of wood were flying out of the garage door into the yard, the garage door was open; that defendant failed to keep a proper lookout for the foreseeable presence of plaintiff in the zone of danger; that defendant's operation of the machine under such circumstances without a guard or screen to prevent the emission of the particles of wood, or without closing the garage door, was negligence; and that such negligence was the proximate cause of plaintiff's injury. All of these findings, if made, would find support in plaintiff's pleadings. Under these circumstances, the instruction of the verdict in favor of defendant was error.

The judgment of the trial court is reversed and the cause is remanded for a new trial.